# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: XYREM (SODIUM OXYBATE)                                   MDL No. 2966
ANTITRUST LITIGATION

## TRANSFER ORDER

**Before the Panel**: Plaintiff in an action pending in the Southern District of New York moves under 28 U.S.C. § 1407 to centralize this litigation in that district. The litigation consists of movant's action and five actions pending in the Northern District of California, as listed on the attached Schedule A. The Panel has been notified of two potentially-related actions.[1]

The parties' positions on centralization differ. Plaintiffs in four of the five California actions support centralization in the Northern District of California, while plaintiff in the fifth action supports centralization in the Southern District of New York. Defendants[2] filed a joint response arguing that the Panel should centralize the actions only if their 28 U.S.C. § 1404 motions to transfer the California and New York actions to the District of New Jersey are denied. If any of the Section 1404 motions are denied, defendants support centralization in the District of New Jersey.

After considering the arguments of counsel,[3] we find that these actions involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share multiple factual issues arising from allegations that the Jazz defendants, which manufacture and distribute Xyrem, a narcolepsy drug, executed an anticompetitive scheme to impair and delay generic competition in the market for sodium oxybate oral solution. Plaintiffs allege that this scheme culminated in payoffs to Jazz's would-be generic competitors that constitute unlawful market allocation agreements and anticompetitive reverse payments. Centralization will eliminate

---

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Responding defendants are Jazz Pharmaceuticals plc, Jazz Pharmaceuticals, Inc., Jazz Pharmaceuticals Ireland Limited, Hikma Labs Inc., Hikma Pharmaceuticals USA Inc., Roxane Laboratories, Inc., West-Ward Pharmaceuticals Corp., Eurohealth (USA), Inc., Amneal Pharmaceuticals LLC, Lupin Ltd., Lupin Pharmaceuticals Inc., Lupin Inc., and Par Pharmaceutical, Inc.

[3] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by video conference at its hearing session of December 3, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2966 (J.P.M.L. Nov. 16, 2020), ECF No. 58.

-2-

duplicative discovery, the possibility of inconsistent rulings on class certification, *Daubert* motions, and other pretrial matters, and conserve judicial and party resources.

Defendants' request that the Panel await the resolution of their pending Section 1404 transfer motions is not well-taken, given the circumstances of this litigation.  The outcome of that motion practice is uncertain, as is the timing of the two courts' rulings.  *See In re Zetia (Ezetimibe) Antitrust Litig.*, 325 F. Supp. 3d 1369, 1371 (J.P.M.L. 2018).  Furthermore, especially given the substantial potential damages at issue, additional tag-along activity seems likely.  *Id*.

We select the Northern District of California as the transferee district.  The first five actions are pending in that district.  In addition, defendant Jazz Pharmaceuticals has an office in the district, and thus relevant documents and witnesses likely will be located there.  Judge Lucy H. Koh, to whom we assign the litigation, is an experienced transferee judge.  We are confident that she will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the action listed on Schedule A and pending outside the Northern District of California is transferred to the Northern District of California, and, with the consent of that court, assigned to the Honorable Lucy H. Koh for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

**IN RE: XYREM (SODIUM OXYBATE)**                              MDL No. 2966
**ANTITRUST LITIGATION**

## SCHEDULE A

<u>Northern District of California</u>

NEW YORK STATE TEAMSTERS COUNCIL HEALTH AND HOSPITAL FUND v.
    JAZZ PHARMACEUTICALS, INC., ET AL., C.A. No. 3:20-04056
CITY OF PROVIDENCE, RHODE ISLAND v. JAZZ PHARMACEUTICALS PLC,
    ET AL., C.A. No. 3:20-04064
BLUE CROSS AND BLUE SHIELD ASSOCIATION v. JAZZ PHARMACEUTICALS,
    INC., ET AL., C.A. No. 3:20-04667
GOVERNMENT EMPLOYEES HEALTH ASSOCIATION, INC. v. JAZZ
    PHARMACEUTICALS, INC., ET AL., C.A. No. 3:20-04671
UFCW LOCAL 1500 WELFARE FUND v. JAZZ PHARMACEUTICALS, INC.,
    ET AL., C.A. No. 3:20-04725

<u>Southern District of New York</u>

A.F. OF L. - A.G.C. BUILDING TRADES WELFARE PLAN v. AMNEAL
    PHARMACEUTICALS LLC, ET AL., C.A. No. 7:20-06003